**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERNEST WILSON,                                      CASE NO.: 8:19-cv-2449

      Plaintiff,

vs.

COMENITY BANK,                                      <u>DEMAND FOR JURY TRIAL</u>

      Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, ERNEST WILSON (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, COMENITY BANK, (hereafter "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.      Plaintiff is a natural person and citizen of the State of Florida, residing in Pinellas County, Florida.

5.      Plaintiff is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(2).

6.      Defendant is a corporation with its principal place of business located at 3100 Easton Square Place, Columbus, Ohio 43219.

7.      Defendant is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pinellas County, Florida.

8.      Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County, Florida, by the Defendant's placing of unlawful telephone calls to Plaintiff's cellular telephone.

10.     Defendant, at all material times, was attempting to collect a debt relating to a Bealls Outlet Account, Account No. ending in –5718 and a Bealls Account, Account No. ending in -8116.

11.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12.     Plaintiff revoked any prior express consent for Defendant to contact Plaintiff via cellular telephone or any other form of communication on April 11, 2019 when Plaintiff verbally advised Defendant to stop calling his cellular telephone.

2

13.     All calls to Plaintiff's' cellular telephone after April 11, 2019 were knowing and willful and were made without the "prior express consent" of Plaintiff.

14.     Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

15.     Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" or an artificial or prerecorded voice.

16.     Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number, (727) ***-9752, and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17.     Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day after Plaintiff revoked any alleged consent for Defendant to contact Plaintiff's cellular telephone.

18.     Despite actual knowledge of its wrongdoing, Defendant continued the campaign of harassment and abuse, calling Plaintiff continually despite Plaintiff revoking any prior express consent for Defendant to call Plaintiff's cell phone.

19.     Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers 720-456-3707, 303-323-8693, 720-456-3711, 614-212-5786, and 913-312-9486.

20.     Defendant has or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

21.     Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

22.     Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

23.     Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

24.     Some of the voicemail messages received by Plaintiff on his cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

25.     Plaintiff did not speak with a live representative during some of the phone calls because they were made by Defendant using an artificial or pre-recorded voice.

26.     The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent to be called.

27.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

28.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

29.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

30.     Plaintiff incorporates all allegations in paragraphs 1-29 above as if stated fully herein.

31.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

32.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

33.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

34.     Despite Defendant's knowledge of Plaintiff's requests not to be contacted via cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

35.     The continued contact by Defendant was abusive and harassing to Plaintiff.

**WHEREFORE**, Plaintiff, ERNEST WILSON, demands judgment against Defendant, COMENITY BANK, for the following relief:

a.     any actual damages sustained by Plaintiff as a result of the above allegations;

b.     statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.     any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

36.     Plaintiff incorporates all allegations in paragraphs 1-29 above as if stated fully herein.

37.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

38.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

39.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

40.     Defendant knowingly and willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone after Plaintiff revoked his consent to be contacted and notified Defendant that he wished for the calls to stop.

**WHEREFORE**, Plaintiff, ERNEST WILSON, demands judgment against Defendant, COMENITY BANK, for the following relief:

a.     statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation.

b.     an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.     any other relief the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all issues.

Date: October 3, 2019                    **BOSS LAW**

                                         /s/ Christopher W. Boss
                                         **Christopher W. Boss, Esq.**
                                         Fla. Bar No.: 13183
                                         Service Email: cpservice@bosslegal.com
                                         9887 Fourth Street North, Suite 202
                                         St. Petersburg, Florida 33702
                                         Phone: (727) 471-0039
                                         Fax: (888) 449-8792
                                         **Attorney for Plaintiff**